IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-258-D

| | |
|---|---|
| REGINA CLIFTON-CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CLINICAL LABORATORY SERVICES | ) |
| INC. OF GEORGIA, et al., | ) |
| | ) |
| Defendants. | ) |

On June 11, 2021, Regina Clifton-Carter ("Clifton-Carter" or "plaintiff") filed a complaint against Clinical Laboratory Services, Inc. of Georgia ("CLS"), Jazmin Battle ("Battle"), Michelle Beeks ("Beeks"), Reva Hart ("Hart"), Latoya Jackson ("Jackson"), Tricia Morales ("Morales"), Janay Platt ("Platt"), Cicely Slay ("Slay"), and Russell Watkins ("Watkins") (collectively "defendants"). As for CLS, Clifton-Carter alleges wrongful discharge, unlawful retaliation, and disability discrimination under the Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111–17, wrongful discharge under the North Carolina Persons with Disabilities Protect Act ("NCPDPA"), N.C. Gen. Stat. § 168A, and breach of contract. As for all defendants, Clifton-Carter alleges fraud, intentional infliction of emotional distress ("IIED"), negligence or gross negligence, and negligent infliction of emotional distress ("NIED"). See Compl. [D.E. 1]. On June 14, 2021, Clifton-Carter obtained summonses for all defendants [D.E. 2].

On June 2, 2022, defendants moved to dismiss Clifton-Carter's complaint [D.E. 41] and filed a memorandum in support [D.E. 42]. See Fed. R. Civ. P. 12(b)(1), (2), (5), & (6). That same day, defendants answered Clifton-Carter's complaint [D.E. 43]. As explained below, the court grants

defendants' motion to dismiss and dismisses the complaint without prejudice for lack of personal jurisdiction and insufficient service of process.

I.

On January 24, 2019, Clifton-Carter began working for CLS as a mobile phlebotomist technician. See Compl. at ¶¶ 1–15. In March 2020, Clifton-Carter was diagnosed with a brain tumor, requiring surgery, and applied for and received "leave under the Family Medical Leave Act ("FMLA") . . . for the period beginning April 23 to June 22, 2020." Id. at ¶¶ 20–21. On June 22, 2020, after recovering from surgery, Clifton-Carter returned to work. See id. at ¶ 23. After Clifton-Carter returned to work, Clifton-Carter alleges that Slay requested a return to work note addressed personally to Slay and that CLS shortened her normal mobile route hours. See id. at ¶¶ 27–41. Clifton-Carter also alleges that CLS barred her from "the lab and blood collection drop-off site located at 1816 Marion St., Columbia, SC 29205" ("SC lab"). See id. at ¶¶ 42–44. She later regained access to the lab. See id. at ¶ 45. On August 24, 2020, Clifton-Carter had an "encounter" with a nurse ("Nurse Angel") at a lab in North Carolina ("Village Green"). See id. at ¶ 47. CLS suspended Clifton-Carter due to this encounter. See id. at ¶ 56. "On or about September 21, 2020, Defendant Slay approved a vacation request by Plaintiff Mrs. Clifton for the period beginning October 18 and ending October 27, 2020." Id. at ¶ 61. Clifton-Carter returned to work late from this vacation. See id. at ¶ 64. As a result, CLS terminated Clifton-Carter from her employment See id. at ¶ 67.

On June 11, 2021, Clifton-Carter filed a complaint against defendants alleging multiple federal and state law claims concerning alleged disability discrimination. See Compl. at ¶¶ 87–201. On June 14, 2021, Clifton-Carter obtained summonses for all defendants. See [D.E. 2]. On October

2

4, 2021, the court issued a notice to Clifton-Carter for failure to make service and gave Clifton-Carter until October 18, 2021, to show good cause for her failure to serve defendants [D.E. 6].

On October 28, 2021, Clifton-Carter filed "Proofs of Service." See [D.E. 9]. According to Clifton-Carter, she mailed service to four addresses: 189 W. Athens Street Athens, Georgia; 1612 Marion Street Colombus, South Carolina; 9728 Faires Farm Rd. Charlotte, North Carolina; and 4312 N. Wilkinson St. Gastonia, North Carolina. See [D.E. 9]. No defendant lives at any of the listed addresses. See [D.E. 24] 6–9. Some addresses are CLS business addresses and some are wholly unrelated to any defendant. See id.

On June 2, 2022, defendants moved to dismiss for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See [D.E. 41].

II.

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5) for lack of personal jurisdiction and insufficient service of process. See [D.E. 42] 2–8. Defendants argue that Clifton-Carter failed to serve any defendant because the packages did not contain a copy of the complaint and were not addressed or delivered to a person authorized to accept service on behalf of any defendants.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005).

3

A plaintiff must establish that this court has subject-matter jurisdiction over her claims. See, e.g., Steel Co., 523 U.S. at 103–04; Evans v. B.F. Perkins, Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject-matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged [in the complaint and any additional materials]." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

Service against a defendant in his individual capacity may be made by: (1) "following state law[;]" (2) "delivering a copy of the summons and complaint to the individual personally[;]" (3) "leaving a copy [of the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[;]" or (4) "delivering a copy [of the summons and complaint] to an agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(e).

First, as for state law, in North Carolina, Georgia, and South Carolina, the summons and complaint must be served together on any individual or corporation. See N.C. R. Civ. P. Rule 4(j)(1); G.A. Code Ann. § 9-11-4(e); S.C. R. Civ. P. Rule 4(d)(8)–(9). For service on individuals, none of the three states allow individual service to a person's place of business. See N.C. R. Civ. P. Rule 4(j)(1); G.A. Code Ann. § 9-11-4(e)(7); S.C. R. Civ. P. Rule 4(d)(8)–(9). And for service on corporations, the three states require service on an authorized agent appointed by law or statute. See N.C. R. Civ. P. Rule 4(j)(6); G.A. Code Ann. § 9-11-4(e)(1)(A); S.C. R. Civ. P. Rule 4(d)(3). Clifton-Cater failed to serve the complaint with any of the summons. Moreover, each individual defendant was served at their place of business by mail. Furthermore, Clifton-Carter failed to serve

4

an authorized agent for the corporate defendant. See [D.E. 9]; see also [D.E. 42] 6–7. Thus, under North Carolina, Georgia, and South Carolina law, service was insufficient.

Second, the Federal Rules of Civil Procedure require a copy of the complaint and summons for proper service. See Fed. R. Civ. P. 4(c)(1). Clifton-Carter failed to include a summons and a copy of the complaint. See [D.E. 9]; see also [D.E. 42] 6–7.

Third, as for service on the individual defendants, each summons was issued to a business address. See [D.E. 9]. No individual was personally served at their dwelling or usual place of abode. See id. "Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process." Watson v. Jiffy Lube Lube Core, No. 5:10-CV-00572, 2011 WL 2456707, at *2, (E.D.N.C. June 15, 2011) (unpublished) (quotation omitted); Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003). Thus, service on the individual defendants was insufficient.

Finally, as for service on CLS, Clifton-Carter did not serve an authorized agent of CLS. See [D.E. 9]. It appears Clifton-Carter intended to serve Cicely Slay, a district manager for CLS, as CLS's agent. See Compl. at 1 and ¶ 12; see also [D.E. 42] 6. Slay, however, is not an authorized agent for service for CLS. See [D.E. 42] 6. Clifton-Carter only attempted to serve the other named individual defendants. See [D.E. 9]. Each individual defendant is an employee of CLS but not an authorized agent for service of process. See Compl. at ¶¶ 4–13; [D.E. 43] 6–13; see also [D.E. 42] 6. Thus, service on the corporate defendant, CLS, was insufficient. Accordingly, Clifton-Carter failed to sufficiently serve any defendant, and the court grants defendants' motion to dismiss and dismisses the complaint without prejudice. In light of this conclusion, the court declines to address defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

5

III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 41] and DISMISSES the action WITHOUT PREJUDICE.

SO ORDERED. This _4_ day of October, 2022.

*J. Dever*
JAMES C. DEVER III
United States District Judge